

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
DENVER REGIONAL OFFICE         (303) 844- 1000
BYRON G. ROGERS FEDERAL BUILDING
1961 Stout Street
Suite 1700
Denver, CO 80294-1961

November 10, 2014

The Honorable Vernon S. Broderick
United States District Court Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY  10007

    Re:    <u>SEC v. Randal Kent Hansen, et al.</u> 13-cv-01403-VSB

Dear Judge Broderick:

    Counsel for the Securities and Exchange Commission is submitting this pre-motion letter in accordance with the Scheduling Order in this matter [Doc. 35] and Rule 4A of the Court's Individual Rules.  The Commission intends to file a motion for default judgment against defendant Hudson Capital Partners Corporation ("HCP") and a motion for summary judgment against defendants Randal Hansen and his entity RAHFCO Management Group, LLC ("RAHFCO Management").

<u>Motion for Default Judgment Against HCP</u>

    The Commission has charged HCP with violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78o(a)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and with aiding and abetting Hansen's and RAHFCO Management's violations of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].  The Commission has charged HCP in the alternative with aiding and abetting Puma's violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and Hansen's and RAHFCO Management's violations of Sections 206(1), 206(2), and 206(4) of the Advisers and Rule 206(4)-8 thereunder.  The Commission seeks permanent injunctions against HCP, disgorgement together with prejudgment interest, and civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  In addition, the Commission seeks any other relief the Court

may deem appropriate pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)].

HCP did not answer the Commission's complaint and a Clerk's Certificate of Default has been entered against HCP.

The Commission intends to ask the Court to issue an Order to Show Cause against HCP pursuant to Fed. R. Civ. P. 55(b).  The Commission has alleged, however, that defendant Vince Puma and HCP jointly received approximately $1.65 million of investor money.  The Commission intends to request, therefore, that any order of disgorgement be jointly and severally ordered against HCP and defendant Puma.  As a result, the Commission believes that resolution of that issue may require resolution of the entire action.

Motion for Default Judgment Or Summary Judgment Against RAHFCO Management

The Commission has charged RAHFCO Management with violations of Section 17(a) of the Securities Act, Sections 10(b) and 15(a) of the Exchange Act, Rule 10b-5 thereunder, Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.  The Commission seeks a permanent injunction against RAHFCO Management, disgorgement together with prejudgment interest, and civil penalties pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act.  In addition, the Commission seeks any other relief the Court may deem appropriate pursuant to Section 21(d)(5) of the Exchange Act.  Although RAHFCO Management has not answered the Commission's complaint, it has appeared in this matter.

The Commission intends to ask the Court to issue an Order to Show Cause against RAHFCO Management pursuant to Fed. R. Civ. P. 55(b).  The Commission intends to request, therefore, that any order of disgorgement be jointly and severally ordered against RAHFCO Management and defendant Hansen.  As a result, the Commission believes that resolution of that issue may require resolution of the entire action.

If the Court denies the Commission's Motion for Default Judgment, the Commission will move for summary judgment against RAHFCO Management on the grounds that Hansen's misconduct is attributable to the company.  A fundamental principle of agency law is that the misconduct of managers will normally be imputed to the corporation." *Wight v. BankAmerica Corp.,* 219 F.3d 79, 86 (2d Cir.2000).  Documentary evidence will show that Hansen was the sole individual controlling the actions of RAHFCO Management and that he made all investment decisions on its behalf.

Motion for Summary Judgment Against Hansen

The Commission has charged Hansen with violations of Section 17(a) of the Securities Act, Sections 10(b) and 15(a) of the Exchange Act, Rule 10b-5 thereunder, Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.  The Commission seeks a permanent injunction against Hansen, disgorgement together with prejudgment interest, and civil penalties pursuant to Section 20(d) of the Securities

Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act. In addition, the Commission seeks any other relief the Court may deem appropriate pursuant to Section 21(d)(5) of the Exchange Act. Although Hansen has not answered the Commission's complaint, he has appeared in this matter.

Defendant Hansen was tried and convicted in *United States v. Hansen*, 13-cr-40053-KES (D. S.D.) on 26 counts of conduct similar to that alleged in the Commission's complaint in this matter. He was sentenced to 108 months of imprisonment, which began on June 6, 2014. He was also ordered to pay restitution of over $17 million.

The Commission will move for summary judgment against Hansen on the grounds that he is collaterally estopped from relitigating the issues underlying his conviction. Collateral estoppel is permissible as to a given issue if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 91 (2d Cir.1997). In addition, it is well-settled that a criminal conviction constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case. *Maietta v. Artuz,* 84 F.3d 100, 103 n. 1 (2d Cir.1996) (citing *United States v. Podell,* 572 F.2d 31, 35 (2d Cir.1978); *see also SEC v. Everest Management Corp.,* 466 F.Supp. 167 (S.D.N.Y.1979) (injunction granted on summary judgment based on collateral estoppel effect of criminal convictions).

Comparison of the Commission's complaint in this action and the United States' indictment in the criminal case will demonstrate that identical issues were raised in both proceedings. Those documents and the judgment of conviction in the criminal case will demonstrate that the identical issues were actually decided in the criminal case, and that resolution of those issues was necessary to enter the judgment of conviction. Finally, documents from the criminal case will demonstrate that Hansen had a full and fair opportunity to litigate the relevant issues.

Respectfully submitted,

**s/ Polly Atkinson**

Polly Atkinson
Trial Counsel
(303) 844-1046