USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

RANDAL KENT HANSEN, RAHFCO
MANAGEMENT GROUP, LLC,
VINCENT PUMA, and HUDSON CAPITAL
PARTNERS CORPORATION,

Defendants.

13-cv-01403-VSB

**DEFAULT JUDGMENT
AGAINST HUDSON CAPITAL
PARTNERS CORPORATION**

**ECF CASE**

The Court having considered the application of plaintiff, Securities and Exchange
Commission, for default judgment against Hudson Capital Partners Corporation ("HCP")
pursuant to Fed. R. Civ. P. 55 and Local Civil Rule 55.2, and having considered the
well-pleaded allegations of the complaint as admitted for the purposes of entry of this
default judgment. makes the following findings:

1.  This action was commenced on March 1, 2013, by the filing of the Summons
and Complaint;

2.  a copy of the Summons and Complaint was personally served on defendant
HCP through the New York State Secretary of State on March 8, 2013;

3.  a proof of service was filed on March 15, 2013;

4.  defendant HCP has not answered the Complaint, and the time for answering
the Complaint has expired;

5.  this Court has jurisdiction over defendant, a New York corporation with its
principal place of business in New York, New York;

6. this Court has jurisdiction over this this action pursuant to Sections 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)], Section 27(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa(a)], and Section 214(a) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-14(a)];

7. defendant HCP has committed the violations alleged in the Commission's complaint;

8. based on HCP's level of scienter, egregiousness of violations, and failure to offer assurances against future violations, there is a reasonable likelihood that, unless enjoined, defendant HCP may engage in future violations of the securities laws;

9. HCP's violations involved fraud and deceit and resulted in substantial investor losses;

10. no hearing is necessary to determine the amount of disgorgement because the amount of ill-gotten gains obtained by HCP is adequately alleged in the complaint.

ACCORDINGLY:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that HCP and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order or any Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that HCP and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order or any Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that HCP and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order or any Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser,:

(a)     to employ devices, schemes, and artifices to defraud clients; or

(b)     to engage in transactions, practices, or courses of business which would operate as a fraud and deceit upon clients.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that HCP and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order or any Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser to a pooled investment, with respect to investors and prospective investors in the pooled investment,

(a)     to make untrue statements of material fact or omit to state material facts necessary in order to make the statements made, in the light of the

4

circumstances under which they are made, not misleading; or

(b)     to engage in acts, practices, or courses of business that are fraudulent, deceptive, and/or manipulative.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that HCP is liable for disgorgement of $1,649,604 representing gain as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $225,029.11, for a total of $1,874,633.11. HCP shall satisfy this obligation by paying this amount to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; HCP as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this

payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $1,649,604 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities

and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; HCP as a defendant in this action; and specifying that payment is

made pursuant to this Final Judgment.

    Defendant shall simultaneously transmit photocopies of evidence of payment and

case identifying information to the Commission's counsel in this action.  By making this

payment, Defendant relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Defendant.  The Commission shall

send the funds paid pursuant to this Final Judgment to the United States Treasury.

Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28

USC § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of any Final

Judgment. The Clerk's Office is directed to mail a copy of this order to Mr. Hansen.

Dated: December 16, 2015

_____

HONORABLE VERNON S. BRODERICK
United States District Judge

8

Case 1:13-cv-01403-VSB   Document 100   Filed 12/16/15   Page 9 of 9
Page 1 of 1
Case 1:13-cv-01403-VSB   Document 93-6   Filed 11/02/15   Page 1 of 1



# U.S. Securities and Exchange Commission

# Division of Enforcement

# Prejudgment Interest Report

## SEC v. Hudson Capital Partners

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| Violation Amount | | | | $1,649,604.00 |
| 06/01/2011-06/30/2011 | 4% | 0.33% | $5,423.36 | $1,655,027.36 |
| 07/01/2011-09/30/2011 | 4% | 1.01% | $16,686.30 | $1,671,713.66 |
| 10/01/2011-12/31/2011 | 3% | 0.76% | $12,640.90 | $1,684,354.56 |
| 01/01/2012-03/31/2012 | 3% | 0.75% | $12,563.63 | $1,696,918.19 |
| 04/01/2012-06/30/2012 | 3% | 0.75% | $12,657.34 | $1,709,575.53 |
| 07/01/2012-09/30/2012 | 3% | 0.75% | $12,891.88 | $1,722,467.41 |
| 10/01/2012-12/31/2012 | 3% | 0.75% | $12,989.10 | $1,735,456.51 |
| 01/01/2013-03/31/2013 | 3% | 0.74% | $12,837.62 | $1,748,294.13 |
| 04/01/2013-06/30/2013 | 3% | 0.75% | $13,076.28 | $1,761,370.41 |
| 07/01/2013-09/30/2013 | 3% | 0.76% | $13,318.86 | $1,774,689.27 |
| 10/01/2013-12/31/2013 | 3% | 0.76% | $13,419.57 | $1,788,108.84 |
| 01/01/2014-03/31/2014 | 3% | 0.74% | $13,227.11 | $1,801,335.95 |
| 04/01/2014-06/30/2014 | 3% | 0.75% | $13,473.01 | $1,814,808.96 |
| 07/01/2014-09/30/2014 | 3% | 0.76% | $13,722.94 | $1,828,531.90 |
| 10/01/2014-12/31/2014 | 3% | 0.76% | $13,826.71 | $1,842,358.61 |
| 01/01/2015-03/31/2015 | 3% | 0.74% | $13,628.41 | $1,855,987.02 |
| 04/01/2015-06/30/2015 | 3% | 0.75% | $13,881.77 | $1,869,868.79 |
| 07/01/2015-07/31/2015 | 3% | 0.25% | $4,764.32 | $1,874,633.11 |

| Prejudgment Violation Range | | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|---|
| 06/01/2011-07/31/2015 | | | $225,029.11 | $1,874,633.11 |

EXHIBIT 6